**Dexter A. FORBES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 10422.

*District of Columbia Court of Appeals.*

Submitted Sept. 20, 1976.

Decided Nov. 2, 1976.

Dexter A. Forbes, pro se.

Earl J. Silbert, U. S. Atty., Washington, D. C., with whom John A. Terry and Andrea L. Harnett, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEBEKER and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Charged by indictment with a variety of criminal offenses, appellant entered a plea of guilty to one count of carrying a pistol without a license. D.C.Code 1973, § 22–3204. Imposition of sentence was deferred and appellant was committed pursuant to the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010(e) (1970), for study and report respecting his suitability for sentencing under that Act. A presentence report was also requested from the Adult Probation Office of the Superior Court.

Upon receipt and examination of the reports, the court concluded that appellant would not derive benefit from a sentence under the FYCA and sentenced him as an adult to a term of three to nine years. The sentence was made to run consecutively to a term of fifteen to forty-five years which had been imposed upon appellant in another case then on appeal.

Thereafter, appellant moved, pursuant to Super.Ct.Cr.R. 35(a), to correct the three-to-nine-year sentence claiming that such sentence had been imposed in an illegal manner since the court relied upon misinformation in the presentence report. It appeared from that report that appellant had been convicted as an adult for petit larceny whereas he had only been arrested for that offense. The motion was denied, and this appeal followed.

In finding that appellant would derive "no benefit" from a sentence under the

FYCA and in imposing the three-to-nine-year adult sentence, the trial judge noted that appellant's juvenile record included a robbery by force and violence and two armed robberies, that he had once absconded from Oak Hill, and that his adult record consisted of disorderly conduct, carrying a pistol without a license, and petit larceny. The judge noted also that appellant had no verifiable employment, that he falsely had said he worked for a cleaning establishment, that while he was on probation for carrying a pistol without a license he was arrested five times (including the instant charge of carrying a deadly weapon), and that he had recently been convicted of assault with intent to commit robbery while armed. The judge then found that because of appellant's serious juvenile record, including the two armed robberies, his serious adult record, his abscondence from Oak Hill, and his arrests and convictions while he was on probation, a substantial adult sentence was warranted.

It is true, of course, that the trial court in imposing the adult sentence considered the totality of the information contained in the presentence report. However, the clear inference is that in denying appellant's motion for correction of sentence, the court was satisfied that the sentence was reasonable despite the erroneous statement in the presentence report. This seems clear because the court in denying the motion said: "Upon consideration of the motion and the record herein . . .," the motion is denied.

Significantly enough, appellant does not challenge the length of his sentence because it is clearly within the statutory maximum authorized for a second conviction of carrying a dangerous weapon without a license. D.C.Code 1973, § 22–3204. Nor does appellant claim that his sentence is "an illegal sentence" which may be corrected at any time under Super.Ct.Cr.R. 35(a). Moreover, appellant does not challenge the trial court's refusal to sentence

him under the Federal Youth Corrections Act. All that he urges is that this case be remanded for resentencing on the ground that his sentence was imposed in an illegal manner due to the misinformation in the presentence report regarding the petit larceny conviction.

In *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948), the Supreme Court observed that

> it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide

which renders a sentence constitutionally invalid because of misinformation in the presentence data. In *Townsend,* the defendant was found not guilty of the three of the six or seven crimes which the court recited before entering sentence. In *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), it appeared that the defendant had been sentenced "on the basis of assumptions concerning his criminal record which were materially untrue" because the judge had specifically considered three prior felony convictions, two of which later proved to have been unconstitutionally obtained.

In the case at bar there was neither misinformation of constitutional magnitude (*i. e.,* reliance on a conviction unconstitutionally obtained), nor a foundation which was extensively and materially false. The court merely mentioned the petit larceny conviction in passing. The conclusion seems compelled, therefore, that in imposing the adult sentence the court relied primarily upon appellant's record of assaultive crimes, weapons offenses, and recidivism while on probation. Finding no error affecting appellant's substantial rights, the judgment of conviction is

*Affirmed.*